Dear Mr. Dupleix:
You have requested an opinion of the Attorney General relative to the ad valorem tax liability, vel non, of a public entity which acquires property from an individual, partnership or corporation, to be used for public improvements such as the construction of roads, bridges or public buildings. You state that prior to acquisition by the public entity, the property was taxable. The Act of Sale transferring ownership of the property to the public entity states that the taxes for the current year will be prorated.
You specifically ask whether, in light of language in the Act of Sale declaring the proration of taxes, the public entity is nevertheless exempt from its prorated share of the taxes.
Initially, it should be noted that the authority to determine whether a particular agency should be exempt from the payment ofad valorem taxes is a factual determination exclusively reserved by Article VII, Section 18(E) of the 1974 Louisiana Constitution (Constitution) to the Assessor, the parish governing authority, the Louisiana Tax Commission (Commission) and the Courts. See Attorney General Opinion Nos. 97-100, 96-320, 93-392, 92-260 and 89-599. While the Attorney General does not have the authority to grant tax exemptions, the following represents applicable legal authorities which may be used by the appropriate taxing entities in making individual decisions.
Once title to the subject lands is transferred from the private to the public sector, its ad valorem tax exempt status is governed by Article VII, Section 21(A) of the Constitution. It provides:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes."
As can be seen from the above, the 1974 provision distinguishes between two classifications of public property, to-wit:
1. Public lands; and 2. Other public property used for public purposes.
The fact that the constitution imposes no requirement that public lands be used for public purposes leads us to the conclusion that any and all public lands are uncategorically exempt from advalorem taxation. We find support for this position in Slay v.Louisiana Energy and Power Authority, 473 So.2d 51 (La. 1985). Therein, the Court, citing Foreman v. Vermilion Parish,336 So.2d 986 (La.App. 3rd Cir. 1976), noted:
 ". . . the Third Circuit held that regardless of its use, real estate owned by a Police Jury was `public property'." [Emphasis added.]
See also Attorney General Opinion Nos. 94-495 and 89-599.
Accordingly, it is the opinion of this office that, once title to the land in question is transferred to a public entity, it will be exempt from the assessment of ad valorem taxes and/or any proration thereof.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla